UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

ALLEN HAMMLER,

        Plaintiff,

   v.

DIRECTOR OF CDCR, et. al,

        Defendants.

Case No.  17-cv-0097-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Docket No. 7

      Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.  (Doc. 8.)  He has also filed a motion for a temporary restraining order and preliminary injunction.

**DISCUSSION**

**Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds

1    upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although

2    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

7    proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United

8    States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*:

9    "While legal conclusions can provide the framework of a complaint, they must be supported by

10   factual allegations.  When there are well-pleaded factual allegations, a court should assume their

11   veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

12   *v. Iqbal*, 556 U.S. 662, 679 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

14   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

15   alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

16   487 U.S. 42, 48 (1988).

17          **Legal Claims**

18          Plaintiff seeks to stop his forced medication with psychotropic drugs.

19          The Supreme Court has recognized a liberty interest in freedom from unwanted

20   antipsychotic drugs.  *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *United States v. Ruiz-*

21   *Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010).  For convicted inmates, or those awaiting trial, the

22   "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's

23   confinement." *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (quoting *Harper*, 494

24   U.S. at 222).  If it is determined that an inmate is a danger to himself or others, and treatment in

25   his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental

26   illness with antipsychotropic drugs against his will.  *Harper*, 494 U.S. at 227; cf. *Riggins v.*

27   *Nevada*, 504 U.S. 127, 135 (1992) ("forcing anti-psychotic drugs on a convicted prisoner is

28   impermissible absent a finding of overriding justification and a determination of medical

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1 appropriateness."). In the context of *Harper* and *Riggins*, an invasion of the human person can

2 only be justified by a determination by a neutral factfinder that the antipsychotic drugs are

3 medically appropriate and that the circumstances justify their application. *See Kulas v. Valdez*,

4 159 F.3d 453, 455-56 (9th Cir. 1998).

5 In addition to the substantive requirements above, the administration of antipsychotic

6 drugs "cannot withstand challenge if there are no procedural safeguards to ensure the prisoner's

7 interests are taken into account." *Harper*, 494 U.S. at 233. A prisoner must be given notice and

8 the right to be present at and participate in a hearing. *See Kulas*, 159 F.3d at 456. But these

9 procedural safeguards may not apply in an emergency situation where the prisoner poses an

10 imminent and serious danger to himself or others. *See id*. A determination that an inmate can be

11 properly involuntarily medicated due to dangerousness need not be made by a judicial decision or

12 judicial hearing as opposed to an administrative determination. *Loughner*, 672 F.3d at 754.

13 Further, the decision to forcibly medicate because of dangerousness need not meet any heightened

14 standard of proof in order to comport with due process. *Id*. at 756. Nor is an inmate, medicated

15 under the *Harper* standard, entitled to counsel at the involuntary medication hearing. *Id*. at 756-

16 57.

17 In California, the procedural requirements for involuntary medication of prisoners is set

18 out in *Keyhea v. Rushen*, 178 Cal.App.3d 526 (Cal. Ct. App. 1986). "A *Keyhea* order permits the

19 long-term involuntary medication of an inmate upon a court finding that the course of involuntary

20 medication is recommended and that the prisoner, as a result of mental disorder, is gravely

21 disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v.

22 Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

23 Plaintiff filed this complaint on December 24, 2016. He states he was being pressured to

24 take psychotropic medication. He argues that medical staff pushed the medication because

25 plaintiff was referred to medical staff after plaintiff made what was deemed to be paranoid

26 statements regarding other correctional officers. Medical staff concluded that psychotropic

27 medication could help. Plaintiff argues that he is of sound mind and does not need to be

28 medicated because he has a First Amendment right to make allegations against prison staff.

United States District Court
Northern District of California

1  Plaintiff is worried about the side effects of the medication.  Based on the allegations in the

2  complaint it does not appear that plaintiff had been forcibly medicated as he stated he was

3  threatened with forcible medication if he did not sign a consent form.

4  However, plaintiff filed a motion for a temporary restraining order and preliminary

5  injunction on January 24, 2017.  He states that the forcible medication started on December 24,

6  2016.  He contends that the medication has adversely affected his physical ability to move around

7  and his mental ability to adequately litigate several other civil rights cases.  Yet, plaintiff does not

8  describe any of the procedures that were or were not used before the forcible medication.  The

9  complaint is dismissed with leave to amend to provide more information.  Plaintiff should provide

10  a clearer narrative on when events occurred and he should describe the procedures of the forced

11  medication and if a *Keyhea* hearing was held.

12  Moreover, plaintiff states that he commenced the inmate grievance process, but it is not

13  completed.  A prisoner must exhaust his administrative remedies for constitutional claims prior to

14  asserting them in a civil rights complaint.  42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d

15  1198, 1199 (9th Cir. 2002).  If a prisoner exhausts a claim after bringing it before the court, his

16  subsequent exhaustion cannot excuse his earlier failure to exhaust.  *Vaden v. Summerhill*, 449 F.3d

17  1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the

18  administrative process ends and leaves his grievances unredressed.  It would be inconsistent with

19  the objectives of the statute to let him submit his complaint any earlier than that.").  When the

20  district court concludes that the prisoner has not exhausted administrative remedies on a claim,

21  "the proper remedy is dismissal of the claim without prejudice."  *Wyatt v. Terhune*, 315 F.3d,

22  1108, 1120 (9th Cir. 2003) *overruled on other grounds*.

23  In an amended complaint, plaintiff should provide more information regarding exhaustion.

24  If this action continues and is not exhausted until a later date, defendants could file a motion to

25  dismiss for failure to exhaust which would delay speedy resolution of plaintiff's claims.

26  Plaintiff also seeks a temporary restraining order and a preliminary junction.  Federal Rule

27  of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or

28  temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the

4

1   adverse party is required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary

2   injunction cannot be decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d

3   719, 727 (9th Cir. 1983).  A TRO may be granted without written or oral notice to the adverse

4   party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit

5   or by the verified complaint that immediate and irreparable injury, loss or damage will result to the

6   applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the

7   applicant's attorney certifies in writing the efforts, if any, which have been made to give notice

8   and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

9        Plaintiff has failed to meet his burden to show that it clearly appears from specific facts

10  shown that immediate and irreparable injury will result to plaintiff before defendant can be served.

11  It is also not clear at this early stage if plaintiff has exhausted his claim or if he has even presented

12  a cognizable claim.  The motion is dismissed without prejudice.  If the claim is exhausted and the

13  case continues beyond service, plaintiff may file an amended motion.

### CONCLUSION

15       1.  The motion for a temporary restraining order and preliminary injunction (Docket No. 7)

16  is **DENIED** without prejudice for the reasons set forth above.

17       2.  The complaint is **DISMISSED** with leave to amend in accordance with the standards

18  set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date

19  this order is filed and must include the caption and civil case number used in this order and the

20  words AMENDED COMPLAINT on the first page.  Because an amended complaint completely

21  replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See*

22  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from

23  the original complaint by reference.  Failure to amend within the designated time will result in the

24  dismissal of this case.

25       3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

26  informed of any change of address by filing a separate paper with the clerk headed "Notice of

27  Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so

28  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

United States District Court
Northern District of California

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 2, 2017

_____

NANDOR J. VADAS
United States Magistrate Judge